KARKE REALTY ASSOCIATES, RESPONDENTS, v. THE MAYOR AND ALDERMEN OF JERSEY CITY ET AL., APPELLANTS.

Submitted May 27, 1927—Decided October 17, 1927.

For the appellants, *Thomas J. Brogan* and *Charles Hershenstein*.

For the respondents, *Louis A. Fast.*

PER CURIAM.

The Karke Realty Associates, the realtor in this case, applied to the board of commissioners of Jersey City for a permit allowing the erection of a five-story brick building, to contain eleven stores on the first floor and dwelling apartments above, on a lot located on Hudson Boulevard. The application was denied, and the relator thereupon applied to the Supreme Court for a writ of *mandamus* to compel the granting of the permit. The hearing resulted in a judgment directing the issuing of a peremptory writ, and from that judgment the defendants have appealed.

The appellants contend that the judgment under review should be reversed for several reasons. The first is that the municipal zoning ordinance prohibits the erection of any structures except private residences in that part of the city in which the respondent's lot is located, and that the refusal to issue the permit applied for was justified for that reason. The Supreme Court considered that, under the doctrine exploited by this court in *State* v. *Nutley,* 99 *N. J. L.* 389, this contention was without merit; and we concur in this view.

The second ground upon which the refusal of the municipality to issue the permit is sought to be justified is that it would increase the fire hazard in that locality. The Supreme Court rightly considered that this contention was without merit, under the doctrine of *Ingersoll* v. *South Orange,* 3 *N. J. Mis. R.* 335; *S. C. on appeal,* 102 *N. J. L.* 218.

The only other specific ground upon which the refusal of the municipality to issue the permit is sought to be justified is that the erection of the proposed building would increase the traffic burden in that particular locality, and, so, would constitute a meance to the safety of children who would have to pass the building on their way to and from school. But, as was held by this court in *Krumgold* v. *Jersey City*, 102 *N. J. L.* 170, that this fact, if it be a fact, afforded no legal justification for the action of the municipal authorities.

For the reasons indicated, we conclude that the judgment under review should be affirmed.

As was pointed out by us in the opinion promulgated at the present term in the case of *Robert Realty Co.* v. *City of Orange*, 103 *N. J. L.* 711, the validity of the judgment before us, it having been rendered several months before the adoption of the so-called zoning amendment to the state constitution, is not affected by that amendment.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, KALISCH, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFELD, DEAR, JJ. 11.